GEORGE W. WITHAM

*v.*

ALLEN BROONER.

1. USES AND TRUSTS—*effect of a naked trust.* Under the operation of section 3, chapter 24, Rev. Stat. 1845, a conveyance in trust, or to the use of any person, which requires no duties, prescribes the execution of no trust, but leaves the trustee only a passive title, carries to the *cestui que trust* lawful seizin, estate and possession.

2. In such case, there is not a mere equitable title, but an actual seizin and possession in fact—not only a right of entry, but an actual estate.

3. CONVEYANCE. The *cestui que trust* may, consequently, convey the estate by deed without the intervention of his trustee.

APPEAL from the Circuit Court of Mason county; the Hon. CHARLES TURNER, Judge, presiding.

This was a suit in ejectment, brought by Witham against Brooner. It appears that Summers and wife made a deed to the land in question to Thomas Hallowbush, "in trust for

White and Smith forever"—being a naked trust, imposing no duties, payment of debts nor taxes, control or otherwise upon the trustee. Smith and wife, afterwards, without the agency or concurrence of Hallowbush, trustee, sold by deed to Witham. The record shows possession, but no claim of title in Brooner. The case comes to this court upon exception to the ruling of the court below refusing to permit the reading in evidence of the deed from Smith and wife to Witham.

Messrs. DEARBORN & CAMPBELL, for the appellant.

Messrs. LACEY & WALLACE, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The refusal to admit in evidence the deed to Hallowbush is the only error assigned.

The deed was executed to Hallowbush "in trust for White and Smith." The trustee had no trusts to execute—no duties to perform. He was a mere naked trustee.

One of the *cestuis que trust* had executed a deed to the same land to the plaintiff below, under which he claimed title.

In whom was the legal estate, by operation of the deed to Hallowbush—the trustee or the *cestuis que trust?*

Our statute is a substantial re-enactment of the Twenty-seventh Statute of Henry VIII—usually termed the Statute of Uses. Leaving out some of the verbiage, it enacts that when any person shall be seized of any lands, to the use, confidence or trust of any other person, by any bargain, sale, agreement or otherwise, in such case all persons that have such use or trust in fee simple shall be seized, deemed and adjudged in lawful seizin, estate and possession of and in the same land, to all intents, in law, as they shall have in the use or trust of and in the same. Rev. Stat. 1845, p. 103, sec. 3.

The clear and positive language of the statute, aided by the first section of the same act, unmistakably determines the question. The person having the use shall be adjudged to be

in lawful seizin, estate and possession. No language could more aptly stamp the character of the title.

Livery of seizin is abolished by the first section of the Conveyance Act, and the title is thereby absolutely vested in the donee, grantee, bargainee, etc. independently of the Statute of Uses. Hence, under this statute, a deed in the form of a bargain and sale must be regarded as having the force and effect of a feofment; and under the Statute of Uses, a feofment to A, for the use of or in trust for B, would pass the legal title to B. In a deed purely of bargain and sale, independently of the first section of the Conveyance Act, the rule would be different, and the title would vest in the bargainee. Without the first section, the legal title would be in the trustee, in this case; but as the trust was a passive one, the deed operated as a feofment would at common law, and vested the legal title in the *cestuis que trust*, by virtue of the Statute of Uses. Thus the statute executes itself. It conveys the possession to the use, and transfers the use to the possession; and by force of the statute the *cestuis que trust* had the lawful seizin, estate and possession.

The three things necessary to bring this estate within the operation of the statute did concur. There was a person seized to a use; a *cestui que use;* and a use *in esse.* The use was then executed, and the statute operated. There was nothing in the deed to prevent the execution of the use. There was nothing to be done by the trustee to make it necessary that he should have the legal estate. There was to be no payment of rents and profits to another, or debts, or taxes. The statute operated instantly, and vested the legal estate in the *cestuis que trust.*

All the authorities sustain this view.

Blackstone says that previous to the enactment of Twenty-seventh Henry VIII, abundance of statutes had been provided which tended to consider the *cestui que use* as the real owner, and that this idea was carried into full effect by the Twenty-seventh Henry VIII, called, in conveyances and

pleadings, the Statute for Transferring Uses into Possession; that the statute annihilated the intervening estate of the feofee, and changed the interest of the *cestui que use* into a legal instead of an equitable ownership; and that the legal estate never vests in the feofee for a moment, but is instantaneously transferred to the *cestui que use,* as soon as the use is declared. Book 2, 332–333, Black. Com.

CRUISE, in his Digest of the Law of Real Property (Green. Ed. 1 Vol. top p. 313, sec. 34), says when the three circumstances concur, necessary to the execution of a use, "the possession and legal estate of the lands out of which the use was created are immediately taken from the feofee to uses, and transferred, by the mere force of the statute, to the *cestui que use.* And the seizin and possession thus transferred is not a seizin and possession in law only, but are actual seizin and possession in fact—not a mere title to enter upon the land, but an actual estate.

See also Smith Real and Per. Prop. 155; 1 Land Uses, 119; 2 Wash. Real Prop. 120, 1 Ed.; 4 Kent Com. 288 *et seq.*; *Webster* v. *Cooper,* 14 How. (U. S.) 488; *Barker* v. *Keat,* 2 Mod. 250.

We are of opinion that the legal estate was in the *cestuis que trust,* and that the rejected deed was admissible.

The cases referred to in this court are not in conflict with our conclusion.

The judgment is reversed and the cause remanded.

*Judgment reversed.*\*

---

\*GEORGE W. WITHAM *v.* GEORGE W. SCOVILLE.

APPEAL from the Circuit Court of Mason county; the Hon. CHARLES TURNER, Judge, presiding.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

This case is identical with the preceding case of *Witham* v. *Brooner,* and is decided in the same way. The judgment is reversed and the cause remanded.

*Judgment reversed.*