## TIMOTHY LYNCH *et al.*

*v.*

## WILLIAM W. SWAYNE *et al.*

1. CONVEYANCE—*use, whether for life with remainder to heirs.* Where a conveyance of real estate is made to a trustee for the exclusive and sole use of a wife, with a provision that, if she dies before her husband, the property shall thereafter be held for him, and, on his request, shall be conveyed to him, his heirs, etc., but, if the husband dies first, the trustee, on the wife's request, shall convey it to her and her heirs absolutely and forever, on the husband's death the legal estate will vest in her absolutely, without any remainder in her heirs, and a deed from her will pass the title in fee.

2. TRUST—*when legal title in trustee passes to cestui que trust without a conveyance.* Where real estate is conveyed to a trustee, to be held by him during the joint lives of a husband and wife, for the sole use of the latter, and to be conveyed to "her and her heirs," on her request, after the husband's death, on his death, leaving her in the occupancy of the same, there being no longer anything for the use to operate on, the legal estate in the trustee will vest at once in the wife, without any conveyance from him.

APPEAL from the Superior Court of Cook county; the Hon. SAMUEL M. MOORE, Judge, presiding.

Messrs. JOHNSTON, RODGERS & APPLETON, for the appellants.

Messrs. ISHAM & LINCOLN, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This is an appeal from the Superior Court of Cook county, to reverse a decree therein, for errors assigned upon the record.

The parties complainant, in that court, were a portion of the children and heirs at law of Timothy and Sarah Lynch, deceased. The defendants were another portion of the children of the same parents, with whom was impleaded the Connecticut Mutual Life Insurance Company, and the heirs at law of John Breen and Dennis Dunne.

The scope of the bill was, to declare certain real estate described in the bill free from the liens of certain trust deeds executed by Timothy Lynch and Sarah Lynch to Breen and to Dunne, and the trusts vacated; that the mortgage lien of the insurance company be removed; that four certain deeds executed by Sarah Lynch to four of the named defendants be declared null and void; and, that the real estate be sold by the master in chancery, an account of the rents received by the defendants be taken and, with the proceeds of the sale, be divided among the heirs general of Sarah Lynch.

There were allegations in the bill, of incapacity on the part of Sarah Lynch, at the time she executed the deeds in question, but that part of the case seems to have been abandoned on the hearing, the defendants having fully answered thereto denying the same.

To such portions of the bill as alleged matters growing out of a supposed trust, and to all that portion of the bill setting up an equitable or other claim to the property in question, there was a general demurrer, and judgment thereon for the defendants, and a decree entered dismissing the bill.

To reverse this decree the complainants appeal.

The facts out of which the controversy arises are, briefly, these: In December, 1853, Timothy Lynch and Sarah Lynch, then being husband and wife, purchased of Mr. Ogden certain lots in the school section addition to Chicago, and procured the conveyance to be made to John Breen, of that city, in trust for their use, in the following terms:

"The said John Breen is to have, hold, use and enjoy the said premises for the sole and exclusive use and benefit of Sarah Lynch, wife of Timothy Lynch, etc., and receive the rents, issues and profits thereof, during the natural life of the said Sarah Lynch, and for her sole and exclusive use and benefit during her life, independent of her husband; and yet further, that in case the said Sarah Lynch shall die before the said Timothy Lynch, then, in that event, the said John Breen shall have and hold the said premises for the use of said Timothy Lynch, his heirs and assigns; and upon the decease of the said Sarah Lynch before the said Timothy Lynch, then the said trustee is, upon the request of the said Timothy Lynch, his heirs or assigns, to convey the said premises to the said Timothy Lynch, his heirs or assigns; and yet further, in case the said Timothy Lynch should die before the said Sarah Lynch, then, in that event, the said John Breen shall, upon the request of the said Sarah Lynch, convey the said premises to her and her heirs absolutely and forever; and yet, upon the further consideration, that is to say, the said John Breen, trustee as aforesaid, may, at any time, sell and convey the said premises by the request of the said Timothy and the said Sarah, and by their joining with him, the said trustee, in such deed of conveyance, and not otherwise; and the said John Breen, trustee as aforesaid, and the said Timothy Lynch and Sarah Lynch, the *cestuis que trust*, in token of their acceptance of this deed, and the matters and things herein stated, have subscribed their names and affixed their seals thereunto. And the said James DePeyster, party of the first part, by his attorney, as aforesaid, in witness hereof, hath hereunto set his hand and seal, the day and year above written."

The deed of conveyance was signed and sealed by Ogden, the grantor, by his attorney in fact, and by Timothy Lynch and Sarah Lynch and John Breen.

On June 10, 1854, John Breen, as trustee, executed a deed of the premises to B. S. T. Bornland, who, on the 29th of the same month, executed a deed of the same to Timothy Lynch.

On November 26, 1858, by deed of quitclaim from Lynch

and wife, the title passed to one John Magan, a clergyman, of Chicago, who, on the next day, November 27, conveyed the premises to Dennis Dunne, on the same trusts as are contained in the first deed to John Breen.

On May 31, 1866, Dunne, Lynch and wife joining therein, as evidence of their request to him to convey, conveyed to one Matthew Riordon. Riordon and wife, by deed dated March 17, 1869, conveyed the. premises to Sarah Lynch, the wife of Timothy Lynch.

There being no contest about the mortgage to the life insurance company we pass that by, stating that after its execution, and on July 19, 1870, Timothy Lynch died, leaving Sarah Lynch, his wife, in the possession and occupancy of the premises.

On June 17, 1871, Sarah Lynch conveyed to her daughter, Josephine Lynch, one of the defendants, an undivided seven thirty-sixths interest in the premises; to her daughter, Mrs. Welpley, the same undivided interest; to another daughter, Mrs. Franche, an undivided thirteen thirty-sixths; and on July 29, 1871, she conveyed to another daughter, Mrs. Swayne, an undivided nine thirty-sixths; thus disposing of the entire property. Sarah Lynch died on November 19, 1872.

If we rightly comprehend appellants, they claim they were beneficiaries under the deed to John Breen, by virtue of these words therein: " The said John Breen shall have and hold the said premises for the use of said Timothy Lynch, his *heirs* and assigns," and the other words to convey the premises to Sarah Lynch, " her heirs absolutely and forever." It seems to be contended that the use of these terms gave a life estate only to Sarah Lynch, with a remainder to her heirs. If this was so the deeds we have named would be successfully impeached, and the claim of complainants beyond controversy. We do not so understand the deeds to Breen, to Dunne and the others. The grant to Breen is to hold for Timothy Lynch and Sarah Lynch during their joint lives; but if Timothy Lynch survive his wife, then Breen was to hold for the use of Timothy Lynch, his heirs and assigns. The deed also provides,

340 LYNCH *et al.* *v.* SWAYNE *et al.* [Sept. T.

Opinion of the Court.

"upon the request of said Timothy Lynch, his heirs or assigns, after the death of Sarah Lynch, he would convey the premises to Timothy Lynch, his heirs or assigns;" and yet further, if the said Timothy Lynch should die before Sarah, then Breen, upon the request of Sarah, would convey the premises to her and her heirs absolutely and forever. Had not Breen conveyed, as above stated, to Bornland, and the trust continued in him up to the death of Timothy Lynch, can there be a question of the right of Sarah Lynch to demand a deed from him conveying the property to her? Such a deed, if made to her and her heirs forever, would, on the doctrine of *Shelly's case*, vest the title absolutely in her, as held in *Baker* v. *Scott*, 62 Ill. 86, and subsequent cases.

The various conveyances to Bornland, to Dunne, to Magan, and to Riordon, were all made in accordance with the trust. It is very evident the interests of Sarah Lynch formed the predominating consideration of all the parties, and the time arrived when she had a right to demand of Riordon, who held the legal title, an absolute conveyance to her. By no possibility could there be, by the terms of the deed to Breen, a remainder in the heirs of Sarah Lynch. But whether Mrs. Lynch took a deed from Riordon, or declined taking one, her husband was dead, she was in the actual occupancy of the premises, and whatever use may have existed in Breen, there being nothing for it to operate on, the legal estate, on the authority of *Witham* v. *Brooner*, 63 Ill. 344, was at once vested in Mrs. Lynch, she being the *cestui que trust*. There can be no just pretense of a remainder to the heirs of Mrs. Lynch.

She, then, having an absolute estate in fee simple, had a clear right to dispose of it to such of her children as she deemed best entitled to her bounty, and the balance have no right to complain. The demurrer was properly sustained to the bill of complaint, there being no equity in it.

This is the only point discussed by appellants. There is no proof in the record, of alleged incapacity of Mrs. Lynch, or of undue influence in procuring the deeds from her to appel-

lants, and it is not denied the lien of the insurance company is just and valid.

We perceive no error in the record, and affirm the decree.

*Decree affirmed.*