Vinson v. Vinson.

ALEXANDER VINSON

v.

JAMES VINSON ET AL.

1. LIVERY OF SEIZIN ABOLISHED.—By the act of 1827, livery of seizin was abolished in this State, and a deed in the form of a bargain and sale must be regarded as having the force and effect of a feoffment.

2. DEED—CONSTRUCTION.—A deed, in the usual statutory form, conveying lands to A, " at my death," though there is no formal covenant by the grantor to stand seized to the use of the grantee, implies a covenant to the grantee of quiet possession and warranty of title, and is good in law.

3. CONVEYANCE IN FUTURO.—The legal effect of such a deed is, that the grantor reserved a life estate to himself, and covenanted to stand seized to the use of the grantee in fee at his (the grantor's) death. The estate remained in the grantor until the use arose; the possession or seizin was then, contemporaneously with the grantor's death, executed to the use by the operation of the statute, and the legal possession and legal estate vested in the *cestui que use*.

4. AMBIGUITY.—Where a deed is so drawn that some will read it one way and some another, that meaning should be adopted which is adverse to the interest of the grantor.

APPEAL from the Circuit Court of Johnson county; the Hon. JOHN DOUGHERTY, Judge, presiding. Opinion filed August 1, 1879.

Messrs. C. N. & A. G. DAMRON, for appellant; that livery of seizin is abolished in this State, cited Rev. Stat. Chap. 30, § 1; Witham v. Brooner, 63 Ill. 344.

The conveyance would be good under the Statute of Uses: 2 Washburn on Real Property, 95; Chudleigh's case, 1 Coke, 297; 1 Cruise Dig. § 33.

Vinson v. Vinson.

As to the execution of a use under the statute: 1 Cruise Dig. § 5; 2 Washburn on Real Property, 113.

As to springing uses: 2 Washburn on Real Property, 282; Cruise Dig. § 18; Osman v. Sheafe, 3 Lev. 370; Shapleigh v. Pilsbury, 1 Me. 280; 1 Saunders on Uses, 142; 4 Kent's Com. 298.

As to covenants to stand seized: 2 Saunders, 96; 4 Kent's Com. 493; 2 Washburn on Real Property, 129; Jackson v. Caldwell, 1 Cow. 622; Jackson v. Sebring, 16 Johns. 515; 4 Cruise Dig. 116; Gale v. Coburn, 18 Pick, 397; Brewer v. Hardy, 22 Pick. 376; Wallis v. Wallis, 4 Mass. 135; Bryan v. Bradley, 16 Conn. 474; Simmons v. Augustin, 3 Porter, 69; Belle v. Scammon, 15 N. H. 381; Wyman v. Brown, 50 Me. 139; Jordon v. Stevens, 51 Me. 78; Dronn v. Smith, 52 Me. 141; Barrett v. French, 1 Conn. 354; Cains v. Jones, 5 Gerg. 249; Kinsler v. Clark, 1 Rich. 170; Chancellor v. Windham, 1 Rich. 161.

As to bargain and sale: 2 Washburn on Real Property, 128; Rogers v. Eagle Fire Co. 9 Wend. 611.

Parol evidence to contradict the consideration recited cannot be received for the purpose of making the deed null: Ill. Cent. R. R. Co. v. Wolf, 37 Ill. 354; Grout v. Townsend, 2 Hill. 554.

Recitals in deeds bind parties and privies: Whitaker v. Garnett, 3 Bush. 402; Robbins v. McMillan, 26 Miss. 434.

The deed would be good as an executory devise: Clearwater v. Kimler, 43 Ill. 272; Stone v. Duvall, 77 Ill. 475; Shackleton v. Sebree, 86 Ill. 616.

The statute of uses is in force in this State: Rev. Stat. Chap. 30, § 3; Witham v. Brooner, 63 Ill. 344.

Deeds are to be construed most favorably to the grantee: Winslow v. Patten, 34 Me. 25; Lincoln v. Wilder, 29 Me. 182; Foy v. Neal, 2 Strobh. 159; Worthington v. Hyler, 4 Mass. 205; Alton v. Ill. Trans. Co. 12 Ill. 38.

Facts outside of a deed may aid in its construction: Foy v. Neal, 2 Strobh. 159; Stone v. Clark, 1 Met. 378; Purinton v. N. Ill. R. R. Co. 46 Ill. 297; Clark v. Powers, 45 Ill. 283

Mr. F. M. FISHER and Mr. H. H. HARRIS, for appellee; that

parol evidence cannot be admitted to explain a deed, cited 3 Washburn on Real Property, 345.

A precedent condition in a deed avoids it: 4 Kent's Com. 125; 2 Washburn on Real Property, 345.

A conveyance to take place in the future is not a deed: 4 U. S. Dig. 470.

Where a deed shows an erasure it will be presumed to have been made after execution: Montag v. Linn, 23 Ill. 551.

BAKER, P. J. Two questions are involved in this record: one as to the validity and the other as to the construction of a deed. The deed out of which arises the controversy is, omitting the signature and seal of the grantor, the attestation and names of witnesses, and the certificate of acknowledgment, in the words and figures following: "The grantor Alexander Vinson Sen. of Johnson county Illinois for and in consideration of five hundred dollars, in hand paid, convey and warrant to Alexander Vinson Jr. at my death the following described real estate: Northeast quarter southeast quarter of the northwest quarter the north half of the northeast of the southeast quarter all in section twenty (20) township eleven (11) range three (3) east and three acres off the south side of the southwest quarter of the southeast quarter in section seventeen (17) in township eleven (11) range three (3) east situated in the county of Johnson in the State of Illinois, hereby releasing and waiving all rights under and by virtue of the homestead exemption laws of this State. Dated this 26th day of July, A. D. 1873." The deed was delivered and recorded in the lifetime of the grantor.

At common law a freehold estate could not be created to commence *in futuro*, except where there was a particular estate to support it as a remainder. This was because a charter of feoffment was the only common law instrument for the conveyance of a freehold; and a feoffment was void without livery of seizin, and that ceremony was necessarily performed presently.

In this State the act of 1827, which was almost identical in language with section one of the present Conveyance Act,

abolished livery of seizin, and provided, in substance, that every deed or other conveyance should be sufficient, without livery of seizin, for conveying or transferring lands, so as absolutely and fully to vest in every donee, grantee, bargainee or purchaser, all such estate or estates as should be specified in the deed or other conveyance.

The Supreme Court, in the case of Witham v. Brooner, 63 Ill. 344, said: " Livery of seizin is abolished by the first section of the Conveyance Act, and the title is thereby absolutely vested in the donee, grantee, bargainee, etc., independently of the Statute of Uses. Hence, under this statute, a deed in the form of a bargain and sale must be regarded as having the force and effect of a feoffment." By virtue of this section one the deed before us was sufficient for conveying and transferring the lands described therein, so as absolutely and fully to vest in the grantee all such estate as was specified in the deed. The estate specified in the deed was clearly an estate in fee simple, limited to take effect after a life estate, reserved, by necessary implication, in the grantor. So, without the aid of the third section of the Conveyance Act, and without the theory of raising a use, it would seem a freehold estate to commence *in futuro*, was conveyed by this deed.

The third section of the Conveyance Act is substantially a re-enactment of the Statute of Uses. Waiving the point already made, the deed might well take effect under this third section, as a covenant to stand seized to uses, notwithstanding a pecuniary consideration, and that only is mentioned in the deed, for a blood consideration is shown *aliunde* by the evidence in the record. There is no formal covenant by the father to stand seized to the use of the son, but the statutory form of deed used by him implies covenants to the grantee of quiet possession and warranty of title. It is the established doctrine that any words will be sufficient to raise a use that indicates the intention of the covenantor. And under the provisions of this deed, no well grounded doubt can be entertained it was the intention of the grantor that the grantee should have the lands after his decease. A covenant to stand seized to a use arising *in futuro*, as on the death of the covenantor, is

good in law, and so much of the use as the covenantor does not otherwise dispose of remains in him.

Here the legal effect of the deed as interpreted by the Statute of Uses, was that the grantor reserved a life estate to himself, and covenanted to stand seized to the use of his son in fee at his (the grantor's) death. The estate remained in the grantor until the use arose; the possession or seizin was then contemporaneously with the grantor's death, executed to the use by operation of the statute, and the legal possession and legal estate vested in the *cestui que use.* The same result is reached under the same Statute of Uses by a similar process, by regarding the conveyance as a deed of bargain and sale. A pecuniary consideration is admitted by the deed, and the evidence on the hearing to contradict this recital was objected to by appellant. It was decided in the case of Ill. Central Ins. Co. v. Wolf, 37 Ill. 354, that the acknowledgment of payment in a deed cannot be contradicted by parol for the purpose of making the deed null. But the question we are discussing is no longer an open one in this State. In Shackelton v. Sebree, 86 Ill. 617, it was decided a conveyance of real estate wherein it was expressly provided it was not to take effect, or be recorded until the death of the grantor, was good and valid without the creation of any intermediate estate to support it. We are unable to appreciate the difference in substance, between a deed, the language of which is, " this deed not to take effect until after my death," and one, the language of which is, "convey and warrant at my death." The clear intent of each of these deeds is that the conveyance, so far as the grantee is concerned, is only to take effect in posession at the death of the grantors.

It is urged the fee must remain somewhere, and that after the instrument under consideration was executed, the grantor still held, and died seized of the premises, for the reason he did not purport to convey the fee, or any other interest in the land, till his death. If the deed is tested by the first section of the Conveyance Act, we might quote the language of the Supreme Court in the case last cited: " Here the remainder man was in being named as grantee, and no reason is seen, since livery of seizin has been abolished, why the remainder

Vinson v. Vinson.

in fee did not vest on the delivery of the deed, which has been adopted as a substitute for livery." If it is tested by the Statute of Uses, then the fee remained in the grantor until his death, when as a springing use limited to arise on that event, the use to the grantee arose, and was executed, and by force of the statute, the legal estate was transferred to the grantee. We conclude the deed was not void, as is claimed, but was effective to vest the legal title in appellant.

The other question in the record is as to the true construction of the deed. It is insisted by the appellee, that even admitting its validity, it only conveyed thirty-three acres of land, that is the northeast quarter of the southeast quarter of the northwest quarter of section 20, containing ten acres; the north half of the northeast quarter of the southeast quarter of section 20, containing twenty acres, and three acres in section seventeen. It is claimed by appellant, it conveyed the northeast quarter of section twenty, containing 160 acres, the southeast quarter of the northwest quarter of section twenty, containing forty acres, and the twenty acre, and the three acre tracts specified, making 223 acres in all.

As the deed was first written, the word "of" was in it, immediately after the words "northeast quarter" in the first description. This word has been erased, and the burden was upon appellant to explain the erasure. In our opinion, the erasure is sufficiently explained by the testimony of John C. Albright, the justice of the peace who wrote the deed and took the acknowledgment. He testified the word was put there through mistake by himself, and was erased at the time the deed was made, and while it was yet in his hands, and before it was delivered to the grantee.

It is however contended, that whether the "of" was so erased or not can make no difference, and that the description as it stands: "northeast quarter southeast quarter of the northwest quarter," covers only ten acres. If so, then it must be on the theory the word "of" is understood, and is to be supplied between the words "northeast quarter," and the words "southeast quarter." The mere fact it was once written there by the scrivener, as appears from the face of the deed itself, and was

erased before execution and delivery, is strong evidence it was not intended by the grantor it should be supplied.

Taking the deed as it now stands, and as if the word "of" had never been in it, the construction must be most strongly against the grantor. It was said by the Supreme Court, in the case of the City of Alton v. Ill. Transportation Co. 12 Ill. 38: "When a deed is so drawn that some will read it one way and some another, it is a well established rule that that meaning shall be adopted which is adverse to the interest of the grantor." Again, it is one of the rules in construing deeds, that no regard shall be had to punctuation; so, the omission of a comma or a semi-colon after what appellant regards as the first call, is of no moment. The intention is further evidenced by the fact that in all the following descriptions of the deed, the word "of" is uniformly and expressly inserted, and never left to be supplied. The fact a subsequent description (which appellees contend is the second, and appellant contends is the third call) is commenced with the word "the," and that what appellant claims as the second call does not commence with the word "the," might be of weight as tending to a contrary conclusion, were it not for the further fact the article "the" is also omitted from the first call or description. Our conclusion is that the deed conveys two hundred and twenty-three acres of land.

The view we take of the case is corroborated, in our minds, by an inspection of the original deed, which is certified with the record. The facts found in the record *dehors* the deed itself, such as the circumstances surrounding the parties and the family at the time the deed was executed, the admissions of the grantor made since the delivery of the deed, the conduct and acts of the parties, and the situation and condition of the property itself, if indeed these facts are admissible as evidence in such case as is presented by this record, tend to confirm the conclusion we have reached. Inasmuch as the decree of the Circuit Court was not in conformity with the views herein expressed, that decree is reversed and the cause is remanded, with directions to dismiss the bill for partition filed by complainants, at their cost.

Reversed and remanded.