WILLIAM THOMPSON *vs*. SARAH W. CONANT *et al.*

Submitted on briefs Dec. 14, 1892.   Decided Jan. 11, 1893.

**Conveyance of Land to One in Trust for Another.**

Under the statute of uses and trusts, (1878 G. S. ch. 43,) a conveyance of land from one person to another to the use of or in trust for a third, the trustee having no active duty to perform, constitutes a passive trust, and the trustee takes no title, but the same vests immediately and absolutely in the beneficiary to the extent of the estate granted.

Appeal by plaintiff William Thompson, from an order of the District Court of Ramsey County, *Kelly*, J., made July 23, 1892, denying his application for a new trial.

On July 22, 1884, Josiah N. Rogers was the owner in fee of lots one (1) and two (2) in block ninety-four (94) in West St. Paul proper. He and wife on that day made, executed, and delivered a warranty deed of the lots, in which he and wife were named as the party of the first part, and "William B. Conant, as trustee to minor children, sons of William B. Conant, Jr.," was named the party of the second part. By this deed the party of the first part, in consideration of $1,500, granted, sold, and conveyed the lots to the party of the second part, his heirs and assigns, to have and hold the same unto the said party of the second part, his heirs and assigns, forever, and covenanted that the grantors were well seised, had good right to convey, and would warrant and defend the party of the second part in the possession. There was no mention whatever in the deed of any trust except the words above quoted and following the name of the party of the second part.

William B. Conant, Jr., then had two minor sons. He never had any other children. The defendants claim title under these sons and are in possession. The plaintiff claims under William B. Conant. His contention being that the deed of Rogers and wife conveyed the title to Conant, and not to the minor sons.

This action was ejectment, and was tried June 23, 1892. A jury was waived. The Rogers deed was introduced in evidence. Thereupon plaintiff offered to prove title by showing that the grantee, William B. Conant, died testate, and that these lots were sold as a part of his estate to pay his debts; that William K. Dixon purchased the lots at the sale, and afterwards conveyed to the plaintiff. The court excluded the evidence on the ground that under the Rogers deed no title vested in William B. Conant; that the title vested at once in the two minor sons of William B. Conant, Jr.; citing *McGoon* v. *Scales*, 9 Wall. 23. Plaintiff excepted, moved for a new trial, and being refused, appeals.

*A. R. Capehart*, for appellant.

*A. G. Briggs*, for respondents.

COLLINS, J. It stood admitted upon the trial of this action—which was in ejectment—that one Rogers was the owner of the premises in

dispute on July 22, 1884; on which day he duly executed and delivered a warranty deed thereof, wherein William B. Conant, "as trustee to the minor children, sons of William B. Conant, Jr.," was named as party of the second part.    This plaintiff, asserting that he was entitled to possession as the owner in fee of the property, then offered in evidence certain proceedings had in one of our probate courts in the matter of the estate of the first-mentioned Conant, who died in 1886, which proceedings terminated in a sale of this property to one Dixon, and the execution and delivery of an administrator's deed to Dixon of the same; and also offered to show that said Dixon had subsequently sold and conveyed the premises to him.    All of this testimony was excluded by the court, on the ground that under the Rogers deed the William B. Conant who thereafter died, acquired no title or interest in the real property conveyed, and consequently had no estate which would pass by the sale and conveyance to Dixon.    Nothing further was attempted by plaintiff in the way of establishing his right to possession, and on findings of fact judgment was ordered and entered in favor of defendants.

As stated by appellant's counsel, the question presented for determination is the effect of the conveyance executed and delivered by Mr. Rogers.    By it the parties probably intended to create a trust estate for the benefit of two minor sons of William B. Conant, Jr., but in this they signally failed.    Uses and trusts, with certain exceptions, of no materiality here, have been abolished by the provisions of 1878 G. S. ch. 43.    It is expressly provided by section 5 that every disposition of lands, whether by deed or devise, except as otherwise specified in said chapter, shall be made directly to the person in whom the right to the possession and profits is intended to be vested, and not to another to the use of, or in trust for, such person; and, if made to one or more persons in trust for, or to the use of, another, no estate or interest, legal or equitable, shall vest in the trustee; while by section 3 it is enacted that every person who, by virtue of any grant, assignment, or devise, is entitled to the actual possession of lands and the receipt of the rents and profits thereof in law or equity, shall be deemed to have a legal estate therein, of the same quality and duration, and subject to the same condition, as his bene-

ficial interest.   The Rogers deed took effect as a conveyance directly to the *cestuis que trustent,* in whom the legal title vested, and the trustee, Conant, acquired no estate whatsoever.   A conveyance of land from A. to B. to the use of or in trust for C., the trustee having no active duty to perform, constitutes a passive trust, and the trustee takes no title, but the same vests immediately and absolutely in the beneficiary to the extent of the estate granted.   4 Kent, Comm. 288 *et seq.; Goodrich* v. *City of Milwaukee,* 24 Wis. 422; *Witham* v. *Brooner,* 63 Ill. 344; *McGoon* v. *Scales,* 9 Wall. 23.

Therefore it was wholly irrelevant and immaterial to inquire into the action of the probate court with respect to the property described in the Rogers deed.   It was no part of the estate of the deceased, and the court could not make it such by authorizing its sale and conveyance.

Order affirmed.

(Opinion published 53 N. W. Rep. 1145.)