JOSEPH BARCLAY, Sr. *et al.*

*v.*

LAWRENCE J. PLATT *et al.*

*Opinion filed December 22, 1897.*

1. USES—*when use is executed by statute and title passes to beneficiaries.* Where property is devised to executors for the benefit of the testator's son and his children, the use is executed by the statute, (Rev. Stat. 1874, chap. 30, sec. 3,) and the title passes directly to the beneficial devisees if no powers or duties are conferred or imposed upon the executors, respecting either the property or the beneficiaries, which require them to hold the legal title.

2. WILLS—*clause of will construed as creating a life estate with remainder in fee.* A devise of property "for the benefit" of the testator's daughter and son, "for them and their children, should they have any," creates a life estate in the testator's children in an undivided half of the property with remainder in fee to any children which might be born to either, and neither creates an estate in co-tenancy between them and their children nor limits the remainder-men to children in being at the testator's death.

3. REMAINDERS—*remainder to life tenant's children vests at birth of first child.* A remainder in fee to the life tenant's children, "should he have any," vests at the birth of the first child, subject to being diminished by the birth of other children.

4. PARTITION—*sale of property having a life estate in undivided half —proper treatment of proceeds.* Upon the sale, under a partition decree, of property in which a life estate exists in an undivided half with remainder in fee to the life tenant's children, one-half the proceeds of the sale must be treated the same as the property would have been if not sold, in order to preserve the rights of the respective parties.

5. SAME—*when appellant must pay costs on appeal from partition decree.* The appellants must pay the costs on appeal from a partition decree, where there is no controversy as to the rights of one appellee and no error is assigned questioning the decree as to him, and the other appellees are minor children against whom the contention of the appellants is not sustained, although the decree is reversed owing to a different construction by the Supreme Court from that of the trial court of the will under which the parties claim.

APPEAL from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

F. J. GRIFFEN, for appellants.

J. W. MERRIAM, for appellees Joseph Barclay, Jr., and Emily Edith Barclay.

MORTON T. CULVER, for appellee Lawrence J. Platt.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On April 14, 1875, Daniel Barclay made his last will and testament, the fifth clause of which was as follows:

"I give and devise unto my executors hereinafter named, the following tract or piece of land situated in

170—25

the city of Chicago, county of Cook and State of Illinois: the west thirteen feet of lot 17 and the east nine feet of lot 16, in Reynolds' subdivision of the south-west quarter of block 45, canal trustees' subdivision of section 7, township 39, range 14, east, together with the buildings and improvements thereon, in trust for the use and benefit of my daughter, Ida Louise Barclay, during her natural life and at her death to the Foundlings' Home of Chicago, at present situated on Wood street, between West Madison and West Monroe streets, in said city, to be used and applied to the uses of said Foundlings' Home."

By the seventh clause he disposed of a leasehold interest on State street, Chicago, and provided for the payment of $2000 to his son, Joseph Barclay, one of the appellants, out of rents and profits of said premises. Afterward, on December 10, 1879, he executed a codicil to the will, in part as follows: "Now, my daughter Ida having died, and having sold the lease on State street, I must make some changes. The property set apart in will for Ida is now null and void. I revoke part of here set apart for my daughter Marianna R. Platt. I revoke the money set off for my son, Joseph. * * * I now place the house in the hands of the administrators that was set apart for Ida, for the benefit of Marianna R. Platt and my son, Joseph, for them and their children, should they have any."

The testator, Daniel Barclay, died February 2, 1880, leaving his said children, Marianna R. Platt and the appellant Joseph Barclay, surviving him, and the will and codicil were admitted to probate February 9, 1880. Marianna R. Platt was afterward married to Samuel T. Wright, and they are both dead. The appellee Lawrence J. Platt, who is the only child of Marianna R. Platt, filed the bill in this case, asking for a partition between himself and Joseph Barclay of the premises described in the fifth clause of the will, which by the codicil was devised for the benefit of Marianna R. Platt and Joseph Barclay, and for a construction, of the will and an ac-

counting. Among the defendants to the bill were Henry H. Tracey, the surviving executor, and Joseph Barclay and his two children, Joseph Barclay, Jr., and Emily Edith Barclay, who were born after the death of the testator. After the original bill was filed, the appellant Henry L. Glos, on his own motion, became a party defendant, alleging that after the filing of the bill he had purchased and received a conveyance of the interest of Joseph Barclay in the property, and he filed his answer in the cause setting up his interest. The cause was referred to a master in chancery, who reported, in substance, that by the will and codicil the testator devised the real estate to his executors in trust, for the joint use and benefit of Marianna R. Platt and Joseph Barclay and their children, intending that Marianna R. Platt and her children should have the use and benefit of one-half during her natural life, with remainder to her children absolutely on her death; that Joseph Barclay and his children should have the use and benefit of the other half in like manner, with the interest of the children commencing at birth and the remainder to them absolutely at his death; that the executors should have the management of the estate during the lives of Marianna R. Platt and Joseph Barclay, and that said executors should pay the income to them and their children during the life tenancies. He therefore found that the complainant was entitled to one-half in fee simple, his mother being dead and the trust terminated as to that half, and that he was entitled to a partition, but that the trust survived in full force as to the other half, which should be held and managed in trust for the use and benefit of Joseph Barclay and his children during the life of said Joseph Barclay. Exceptions of the defendants Joseph Barclay and Henry L. Glos were disallowed, the master's report was confirmed, and a decree was entered in accordance therewith. From that decree this appeal was prosecuted.

No question is made as to the ownership of an undivided half of the premises sought to be partitioned, by the complainant Lawrence J. Platt, or as to his right to a partition. It is conceded that under any construction of the will he is entitled to one-half of the real estate in fee, as claimed and ordered to be set off to him, and the only contest is between the defendants Joseph Barclay and his grantee, Henry L. Glos, on the one side, and the minor children of Joseph Barclay on the other. Joseph Barclay and Henry L. Glos claim that there was an absolute devise of the undivided half of the premises to Joseph Barclay and his children, if he should have any when the will took effect at the death of the testator, and that as he had no children at that time he took the entire fee and his after-born children took nothing. This is the ground for the appeal.

We do not agree with the contention that Joseph Barclay took the fee, nor are we able to sustain the decree as made, establishing an active trust in the undivided half devised for the use and benefit of Joseph Barclay. The devise of the beneficial interest was equivalent to a devise of the land itself. (*Ryan* v. *Allen*, 120 Ill. 648; *Carpenter* v. *VanOlinder*, 127 id. 42; *Zimmer* v. *Sennott*, 134 id. 505.) No duties were imposed on the executors, either with respect to the beneficiaries or the property itself. There was no agency, duty or power imposed on them to manage or control the property or apply the rents or income, or to perform any other duty requiring them to hold the legal title. The use was therefore executed by the statute and the title passed directly to the devisees. Rev. Stat. chap. 30, sec. 3; Perry on Trusts, sec. 298; *Witham* v. *Brooner*, 63 Ill. 344; *Lynch* v. *Swayne*, 83 id. 336; *Kirkland* v. *Cox*, 94 id. 400; *O'Melia* v. *Mullarky*, 124 id. 506.

Nor do we find any warrant in the will for the conclusion that there was a devise to Joseph Barclay and his children during his lifetime, with the remainder in fee to his children after his death. If he and his children be-

came tenants in common there would be no ground for saying that his estate was limited to his life while that of the children was a fee. The language of the codicil was: "For the benefit of Marianna R. Platt and my son, Joseph, for them and their children, should they have any." As the use was executed, the language is to be construed the same as a devise made directly to Marianna R. Platt and Joseph Barclay, for them and their children, which devised the land to them and limited a remainder to their children. As we interpret the will there was a devise of the undivided half to Joseph Barclay for life with remainder in fee to his children, and upon the birth of his child Joseph Barclay, Jr., the remainder vested in him, subject to be diminished as others should be born. It would open to let in after-born children, and is now vested in Joseph Barclay, Jr., and Emily Edith Barclay, subject to have their respective interests reduced by the birth of other children of Joseph Barclay.

This necessitates a reversal of the decree of the Superior Court, and it is reversed and the cause remanded, with directions to proceed in conformity with the views herein expressed; and if the premises shall be sold, one-half of the proceeds shall be treated the same as the premises should be if not sold, so as to protect and preserve the rights of the respective parties.

As there is no controversy concerning the title of the appellee Lawrence J. Platt, and no error is assigned questioning the decree as to him, he will not be required to pay any costs. We have not sustained the contention of appellants, although giving a different construction to the will from that of the Superior Court; and being of the opinion that no costs should be taxed to the minor children, the appellants will be required to pay the costs.

*Reversed and remanded.*