S. P. DRAKE, EXR., Appellee, vs. WILLIAM A. STEELE et al. Appellants.

*Opinion filed October 26, 1909—Rehearing denied Dec. 9, 1909.*

1. WILLS—*the law favors the vesting of estates.* An estate left under a will will vest immediately unless the testator has by clear language indicated to the contrary.

2. SAME—*mere directions to executor to sell real estate does not vest legal title in him.* Where the executor of a will is merely directed to sell real estate and divide the proceeds among certain devisees he takes only a power of sale, as that enables him to execute the will, and no legal estate in the land passes to him.

3. SAME—*devise of beneficial interest is equivalent to a devise of the land itself.* Where a will provides that the testator's entire estate "be held by the executor hereinafter named in trust, for the use and maintenance of my wife, Milbra Stivers, and my children," (naming them,) and that the estate be so held by the executor for the benefit of the wife and children until the death or re-marriage of the wife, and that at such death or re-marriage the estate be divided equally among the children, and that to such of the latter as have then arrived at lawful age "their distributive share of my estate be paid to them," the legal title vests immediately, under the Statute of Uses, in the widow and children.

4. SAME—*when trust is executed by Statute of Uses.* Where there are no active duties devolving upon an executor, who is directed by the will to hold the estate in trust for the life tenant and the remainder-men, and there is no express devise of the legal title to him, the trust as to such estate is a dry or passive one, which is executed by the Statute of Uses at the testator's death.

5. SAME—*what direction to executor does not impose an active duty as to land.* A direction to the executor to invest all the remaining personal property, after payment of debts and expenses, in profitable farm land, has no effect to impose on him an active duty with reference to land owned by the testator at his death.

6. SAME—*when the executor-trustee does not necessarily have power coupled with an interest.* A direction in a will that at the termination of the life estate the distributive shares of such remainder-men as are then of lawful age shall "be paid to them," even if construed as a direction to the executor-trustee to make the distribution and as carrying with it a power of sale, does not necessarily give to the executor-trustee a power coupled with an interest.

VICKERS, J., dissenting; CARTWRIGHT and HAND, JJ., specially concurring.

APPEAL, from the Circuit Court of Moultrie county; the Hon. W. G. COCHRAN, Judge, presiding.

This is an appeal from a décree of the circuit court of Moultrie county which set aside a master's deed and certain partition proceedings, together with another deed and two mortgages, and construed the will of George M. Stivers, a former owner of the real estate here involved. Said Stivers died testate November 11, 1904, leaving eighty-three acres of farm land in said county, which is the land here in controversy, and certain other real estate and personal property. He left surviving him his widow, Mary Milbra Stivers, and four children, Etna H., Mary V., Ora L. and Carl M., the last named being under age at the time of the hearing in the lower court. September 11, 1907, three of the children filed a bill in the circuit court of said county for the partition of said eighty-three acres of land, making all those in interest parties. A decree of sale was entered and a master's sale was had March 7, 1908. On hearing objections to the sale the trial court sustained the same and set aside the sale, ordering the master in chancery to return to the purchaser the money and notes given in payment of the land. From that finding the purchaser appealed to this court, and in *Stivers* v. *Stivers,* 236 Ill. 160, we reversed the decree and remanded the cause to the circuit court, with directions to enter a decree confirming the sale to the purchaser, P. J. Harsh, and ordering that the master convey the eighty-three acres to him. In accordance with the mandate of this court there was executed and delivered to said Harsh a deed to said eighty-three-acre farm, and afterwards said Harsh conveyed the farm to one William A. Steele, who took and still retains possession. The widow of George M. Stivers, after his death, conveyed whatever interest she had in said eighty-three acres of land to her four children, and the three daughters, who were of age, borrowed from their grandfather, Samuel S. Peters, $5000,

and secured the same by a mortgage on said eighty-three acres. Afterwards they borrowed from the appellant J. E. Dazey $1500, secured in the same manner by a second mortgage. The decree in the partition suit heretofore mentioned provided that the Dazey mortgage should be paid out of the proceeds of sale and that the land should be sold subject to the Peters mortgage.

The will of said Stivers was executed October 6, 1898, and after providing in clauses 1 and 2 that his just debts and expenses should be paid, continued as follows:

"*Third*—After the payment of the items of expense and indebtedness mentioned in sections 1 and 2 of this will, I direct that all my remaining estate, not then consisting of real estate, be invested by the executor hereinafter named in profitable farm land.

"*Fourth*—It is my will and request that my entire estate, after the payment of the items hereinabove directed, be held by the executor hereinafter named in trust for the use and maintenance of my wife, Milbra Stivers, and my children, viz., Etna H. Stivers, Mary V. Stivers, Ora L. Stivers and Carl M. Stivers; that said estate be so held by said executor for the benefit of my said wife and children so long as my wife, Milbra Stivers, shall remain my widow; and it is my will and desire that my said widow shall have the use of said estate for her support and maintenance, and for the support, maintenance and education of my said children, until the death of my said wife or so long as she remains my widow.

"*Fifth*—At the time of the death of my said wife, Milbra Stivers, or at such time as she may cease to be my widow, it is my will and request that my entire estate be divided equally between my four children, viz., Etna H. Stivers, Mary V. Stivers, Ora L. Stivers, and Carl M. Stivers, share and share alike, equally between them. It is also my will and request that if at the time my wife shall depart this life or shall marry again, then it is my will that

to such children as have arrived of lawful age their distributive share of my estate be paid to them, and that a suitable and competent person be appointed guardian for any such children as may not have arrived at lawful age.

"*Sixth*—I hereby appoint S. P. Drake executor of this my last will and testament and direct that he carry out the instructions of this will, complying with the law of this State with reference to bond and security."

February 10, 1909, the bill in the matter now at issue was filed by the executor, S. P. Drake. After setting forth the death of said Stivers and naming the heirs, it averred that under the provisions of said will the title to the entire estate was held in trust by said Drake until the death or marriage of said Mary Milbra Stivers, and that in order to carry out the provisions of said will it would become necessary for complainant to sell the real estate, and asked that the master's deed to Harsh and the latter's deed to Steele, as well as the deed from the widow to the four children and a deed from the three daughters to the minor son, be set aside as a cloud on complainant's title, and that the Peters and Dazey mortgages be declared no lien on said premises. One of the defendants, Emma Lee, filed a cross-bill, claiming a lien on the land by virtue of a judgment for $555.58, based on a note made by the widow and three daughters. Said widow and three adult children made no answer. There is some dispute as to whether the minor, Carl M. Stivers, was properly served.

After the pleadings were settled and a hearing had, the chancellor found that the testator, George M. Stivers, fixed by said will when his estate should be divided among his four children at such time as Mary Milbra Stivers should cease to be his widow or at her death, and therefore that said children were not entitled to partition; that said Harsh did not acquire any title under the partition decree and master's deed and that the said decree and master's deed be set aside; that Steele did not acquire any title from his deed

from Harsh and that said deed also be set aside; that said
Steele had collected from one Landers, a tenant on said
farm, for the year 1908, the sum of $509.85, of which
$380.35 should be paid by said Steele to the complainant,
Drake, as executor; that said Drake was also entitled to
collect the rents of the farm from the tenant thereof; that
the said widow and three daughters, when they executed
the Peters mortgage, were not seized of the lands in ques-
tion, and that the right acquired in the lands by said Peters
under said mortgage, if any, was subject to the right of
the complainant, Drake, to hold said lands, lease them and
collect all rents therefor during such time as Mary Milbra
Stivers should live and remain unmarried, and that the said
Dazey mortgage was likewise made without the mortgagors
having title and was also subject to the like rights of said
Drake; that the deed executed by the widow to the children
March 21, 1906, and a deed from the three daughters to
the minor son, executed March 16, 1908, were without con-
sideration and should be set aside; that said S. P. Drake,
as executor, was entitled to manage and control and lease
said eighty-three acres of land so long as Mary Milbra Sti-
vers should live and remain unmarried, and from the rents
and income of said real estate he should pay all taxes, re-
pairs and necessary expenses and pay over the residue to
said Mary Milbra Stivers for her use and for the support
and education of said children so long as said widow should
live and remain unmarried; that the master should pay to
the defendant Harsh, for the use of Steele, all the moneys
remaining in his hands received by him as purchase money
for the eighty-three acres.

EDEN & MARTIN, E. J. MILLER, W. K. WHITFIELD,
and E. E. WRIGHT, for appellants:

Where the trust is inactive, dry, passive, with no duties
for the trustee to perform, the Statute of Uses vests the
fee simple title in the usee.  Conveyance act, sec. 3.

242—20

Even though there be an active trust and the legal title in the trustee, the *cestui que trust* is the equitable owner and a mortgage or deed by him is good in equity. *Morgan v. Morgan,* 55 S. E. Rep. 389.

No duties were imposed on the executor, either with respect to the beneficiaries or the property itself. There was no agency, duty or power imposed on him to manage or control the property or apply the rents or income, or to perform any other duty requiring him to hold the legal title. The use was therefore executed by the statute and the title passed directly to the devisees. Rev. Stat. chap. 30, sec. 3; Perry on Trusts, sec. 298; *Lynch v. Swayne,* 83 Ill. 336; *Witham v. Brooner,* 63 id. 344; *Kirkland v. Cox,* 94 id. 400; *O'Melia v. Mullarky,* 124 id. 506.

A devise of the beneficial interest in the land was a devise of the land itself. *Howe v. Hodge,* 152 Ill. 270; *Barclay v. Platt,* 170 id. 388; *Ryan v. Allen,* 120 id. 648; *Carpenter v. VanOlinder,* 127 id. 42; *Zimmer v. Sennott,* 134 id. 505.

No person mentioned as trustee in an instrument will receive the title as trustee until he accepts the title as trustee. *McFall v. Kirkpatrick,* 236 Ill. 293.

HARBAUGH & THOMPSON, for appellee:

The title claimed by appellant Steele is based upon the partition proceedings had in the circuit court between the children of George M. Stivers, deceased. If the partition proceedings were not authorized under the will Steele has no interest in the premises. No partition proceedings could be had until the death or marriage of Mary Milbra Stivers. *Dee v. Dee,* 212 Ill. 338; *Banta v. Boyd,* 118 id. 186.

Equity will not award partition at the suit of one in violation of his own agreement or in violation of a restriction imposed upon the estate by one through whom he claims. *Hill v. Reno,* 112 Ill. 154; *Ingraham v. Mariner,* 194 id. 269.

The children of George M. Stivers had no power to mortgage the land in controversy so as to affect the rights of the executor to lease said lands and to collect the rents and profits therefrom so long as Mary Milbra Stivers should live and remain unmarried. *Kingman* v. *Harmon,* 131 Ill. 171.

By the will of George M. Stivers futurity was annexed to the gift itself. The time that the estate should be divided between his children was specifically fixed at such time as Mrs. Stivers should die or marry again, hence there could be no valid conveyance made prior to the time fixed for distribution or division of the estate. *McCartney* v. *Osburn,* 118 Ill. 403.

By the provisions of the testator's will the distributive shares are to be paid to his children at the time of the death of Mary Milbra Stivers, provided they are all of age at that time, and by the provisions of the same will the executor is required to carry out the provisions of the will. The expressed wish of the testator directing that the distributive share due to each child should be paid to them could not be carried into effect except by converting the real estate into money, and the executor took, by implication, such powers as are necessary to carry into effect the expressed provisions of the will. The law will not permit a trust to fail because it may be inartificially declared or expressed. *Hale* v. *Hale,* 125 Ill. 399; *Casey* v. *Caravan,* 93 Ill. App. 538; *Ebey* v. *Adams,* 135 Ill. 80; *Cherry* v. *Greene,* 115 id. 591; *Baker* v. *Copenbarger,* 15 id. 103; *Davenport* v. *Kirkland,* 156 id. 169.

The clear intention of the testator was that the land should be held in trust by his executor until the death or marriage of the widow, and that then the executor should divide the estate as in the will directed. Effect should be given to the clear intention of the testator. *Dickison* v. *Dickison,* 138 Ill. 541; *Young* v. *Harkleroad,* 166 id. 318; *Phayer* v. *Kennedy,* 169 id. 360.

By the will of George M. Stivers a trust estate was cre-
ated and a trust term was fixed, which trust term, by the
provisions of the will, extended from the death of the tes-
tator until the death or marriage of Mary Milbra Stivers.
During this term the power of alienation was suspended,
and a sale during that term would be in contravention of
the trust. *Hart* v. *Seymour,* 147 Ill. 598.

The trust created by the will of George M. Stivers is
an active trust. The distinction between an active trust
and that of a simple dry or passive trust is clearly estab-
lished by the following authorities: *Kirkland* v. *Cox,* 94
Ill. 400; Perry on Trusts, sec. 305; *Kellogg* v. *Hale,* 108
Ill. 164; *Green* v. *Grant,* 143 id. 61; *Hart* v. *Seymour,*
147 id. 598.

Mr. JUSTICE CARTER delivered the opinion of the court:

The principal question is whether the executor, Drake,
took any legal title under said will in the real estate here
in question. It is evident from the record in these proceed-
ings that up to the time of the filing of this bill by the ex-
ecutor all parties in interest understood and acted on the
theory that the legal and equitable titles in said real estate
vested in the widow and children of said Stivers at his
decease.

It is contended by appellants that the trust created by
the will in the executor, Drake, was a dry or passive trust,
as he had no duties to perform under said trust, and that
therefore, under section 3 of our statute on conveyances,
(Hurd's Stat. 1908, p. 489,) the legal title in this real es-
tate was immediately transferred to the wife and children.
The devise of the beneficial interest to the wife and chil-
dren was equivalent to a devise of the land itself. (*Bar-
clay* v. *Platt,* 170 Ill. 384.) In that case this court said
(p. 388): "No duties were imposed on the executors,
either with respect to the beneficiaries or the property it-
self. There was no agency, duty or power imposed on them

to manage or control the property or apply the rents or income or to perform any other duty requiring them to hold the legal title. The use was therefore executed by the statute and the title passed directly to the devisees." In *O'Melia* v. *Mullarky*, 124 Ill. 506, this court, in construing a trust in a deed, stated (p. 509) : "By virtue of that deed Edward Mullarky took a legal estate for his own life with remainder in fee to the heirs of Mark Mullarky, as tenants in common. Of course, their estates were also legal vested estates. The deed imposed no duties upon Anthony Mullarky, either with respect to the beneficiaries or the estate conveyed, hence he took under it what is known as a dry trust, merely,—or, in other words, he acquired but a momentary seizin to serve the use which the statute executed, by transferring the legal estates to the beneficiaries named." See, also, to the same effect, *Witham* v. *Brooner*, 63 Ill. 344; *Lynch* v. *Swayne*, 83 id. 336; *In re Rodrigue*, 15 Atl. Rep. (Pa.) 680; *Morgan* v. *Morgan*, 55 S. E. Rep. (W. Va.) 389; *Uzzell* v. *Horn*, 71 S. C. 426.

If there were no active duties devolving under this will upon the executor with reference to the real estate here in question, the legal title, under the Statute of Uses, vested immediately in the wife and children of the deceased. By said third clause the executor was to invest the balance of the personal estate, after the payment of debts, "in profitable farm land." However, the proof shows that the real estate here in question was owned by the testator at the time of his death, and therefore the third section does not in any manner refer to that. The law favors the vesting of estates. An estate left under a will will vest immediately unless the testator has by clear language indicated to the contrary. *Flanner* v. *Fellows*, 206 Ill. 136; *Armstrong* v. *Barber*, 239 id. 389.

By the provisions of the will heretofore referred to it is manifest that at the death of the said Stivers his wife was immediately vested with a life estate and his four chil-

dren with an estate in remainder in the real estate here in question, subject to the life estate of the wife, ending if she should marry. Does the provision in the sixth clause of the will give the executor any duties with reference to the real estate? No other part of the will indicates that he is to control or rent the real estate. This provision of the sixth clause might fairly be construed to refer to the payment of the debts out of the personal property and the investment of the remainder in farm land. It is a familiar rule that the estate of a trustee in real estate which is the subject matter of the trust is commensurate with the power of the trust and the purpose to be effected by it. (*Lawrence v. Lawrence*, 181 Ill. 248.) Does the provision in the fifth clause of the will, which states that when the children arrive at lawful age "their distributive share of my estate be paid to them," etc., necessarily mean that it is to be paid to them by the executor or trustee?—and if so, does it give the executor or trustee power of sale for that purpose? Reading the entire will together, it is not at all certain that the testator intended that the executor or trustee should have anything to do with dividing this real estate among his children. But conceding, for the sake of the argument, that the fifth clause was intended to give him power to distribute and pay over to the children their shares at a given time,—and in order to do this he must have the power of selling the property,—we think it is quite clear that it was for that purpose merely, and not a power coupled with an interest. In *Lambert v. Harvey*, 100 Ill. 338, this court held that where the executor of a will is directed to sell the real estate and divide the proceeds between certain devisees he takes only a power of sale, that being all that is necessary to execute the will, and no legal estate in the land. In Perry on Trusts (vol. 1,—5th ed.—sec. 298,) the author says: "It may happen that although words of express trust are used in the grant or bequest of an estate to

a trustee yet no estate vests or remains in the trustee. This may be because only a power is given and no estate, as where a testator simply directs his executor to sell certain property and apply the proceeds to certain purposes instead of granting the property to the executor or trustee to sell, etc., or because the Statute of Uses executes the legal estate at once in the *cestui que trust.*" See, also, *Fay* v. *Fay,* 1 Cush. 93, and 28 Am. & Eng. Ency. of Law, (2d ed.) p. 928, and cases cited.

We are disposed, however, to hold, considering the entire will together, that no active duties devolved upon the executor or trustee with reference to the real estate here in question, and therefore the trust as to such real estate was a passive or dry trust, which the Statute of Uses executed immediately. This being so, it is unnecessary for us to consider the other points discussed in the briefs.

The decree of the circuit court will be reversed and the cause remanded to that court, with directions to enter a decree in accordance with the views herein expressed.

*Reversed and remanded, with directions.*

Mr. JUSTICE VICKERS, dissenting.

CARTWRIGHT and HAND, JJ., specially concurring:

We agree with the conclusion reached by the majority opinion in this case but not to the reasoning by which that conclusion is reached. We do not think the legal title to the lands in controversy ever vested in the executor, but think the legal title vested in the children of the testator subject to a life estate in the widow, and that the executor had only a power of sale. If the legal title ever vested in the executor the trust was an active and not a dry trust.