(No. 12515.—Decree affirmed.)

MARY MASTERS NEWCOMB *et al.* Appellants, *vs.* WILLIAM ROBERT THOMAS MASTERS *et al.* Appellees.

*Opinion filed February 20, 1919.*

1. TRUSTS—*what provision in will is not sufficient to create a spendthrift trust.* Where a testator devises his property in trust for the use of his grandson, a provision that the lands shall not be conveyed, mortgaged or incumbered by the *cestui que trust* is not, alone, sufficient to create a spendthrift trust.

2. SAME—*what is purpose of a spendthrift trust.* Spendthrift trusts are created for the purpose of providing a fund for the benefit of another and at the same time securing it against his own improvidence or incapacity for self-protection.

3. SAME—*what is a passive trust which is executed by Statute of Uses.* Where no active duties are imposed upon the trustee, who is directed by a will to hold an estate in trust for the life tenant and remainder-men, the trust is a dry or passive one which the Statute of Uses executes and the *cestui que trust* becomes seized of the legal estate.

4. SAME—*what provision in will does not make trust active.*
Where a testator devises a life estate in trust for the use of his
grandson, with no duties to be performed by the trustee, and pro-
vides certain conditions for forfeiture upon which the property will
go to the remainder-men, a mere provision that the trustee or any
party in interest may give notice of the forfeiture does not impose
a duty on the trustee which will make the trust active.

5. SAME—*provision in a will for notice of forfeiture must be
strictly complied with.* Where a will provides conditions upon
which an estate may be forfeited by a *cestui que trust* upon notice
by the trustee or any party in interest, there can be no forfeiture
without the happening of the contingency or events provided for
and notice given in strict compliance with the terms and provi-
sions required for declaring a forfeiture.

APPEAL from the Circuit Court of Morgan county; the
Hon. NORMAN L. JONES, Judge, presiding.

THOMAS D. MASTERS, for appellants.

BELLATTI, BELLATTI & MORIARTY, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellants filed their bill in the circuit court of Morgan
county to construe the will of James M. Masters, deceased,
and for other relief hereafter referred to. Appellants are
the only children and heirs-at-law of Squire D. Masters,
who was a son of the testator and is now deceased and who
was named as executor and trustee in his father's will. The
circuit court sustained a demurrer to the bill and dismissed
it for want of equity, and complainants have appealed to
this court.

In the first clause of the will of James M. Masters the
testator appointed his son, Squire D. Masters, executor of
the will and also trustee, "for the purpose of carrying
into effect the trusts hereinafter declared." The will also
made provision for the appointment of James K. Cun-
ningham as executor and trustee in case the son should
die before the testator or should refuse to serve or should
die pending the execution of the trust, and further pro-

vision for the appointment of an executor and trustee by the county and circuit courts was made in such contingency if the second party named should fail or refuse to qualify. The will also authorized Squire D. Masters to name in his will the person whom he desired to act as executor and trustee, and provided for the appointment of the persons named by the county and circuit courts. The third clause of the will devised to the executor and trustee, "in trust for the use" of the testator's grand-daughter, Bertha Masters Rowles, certain lands described, she to have the use, benefits and rents thereof for and during her natural life. On her death the will directed that the lands described go to the testator's son, Squire D. Masters, "if living, and if dead then to his heirs." The fourth clause devised to the executor and trustee, "in trust for the use of" testator's grandson, William Robert Thomas Masters, certain lands described, for and during his natural life, he to have the rents, issues and profits thereof during his life. Upon his death the lands were to go to his "bodily heirs," if any survive him, but if he died without "any children or descendants of children him surviving," then the lands were to go to testator's son, Squire D. Masters, if living, "or if dead, to his legal heirs." The fifth clause provided that the two grandchildren named "shall have the income of the said real estate herein above devised in trust for them, respectively. * * * And I further direct that my said grandchildren shall take possession of the lands herein above devised to their use, respectively,—that is to say, the said Bertha Masters Rowles immediately after my death and the said William Robert Thomas Masters when he arrives at the age of twenty years, and thereafter, but not before, shall he receive the rents, issues and profits of said lands." The sixth clause provided that the said grandchildren named "shall not convey or mortgage the lands herein above bequeathed to their use or in any manner encumber the same, and they shall pay all taxes

and assessments upon their respective parts and keep their hedges properly trimmed and all buildings thereon in ordinary repair, and in case of a failure to do so, respectively, then after one year's written notice given to the party in default by my executor or trustee or by any party in interest and a failure of the party so notified to perform within said year, then I direct that the party so failing shall lose his or her life interest in said lands, and that the title of the said lands of the party so failing shall pass to the said Squire D. Masters if living, and if dead, then to his children or heirs."

The will was executed August 29, 1895. The testator executed a codicil to the will September 28, 1896, and another codicil March 23, 1897, neither of which affects the questions necessary to be determined in this litigation.

The bill alleges the death of testator, James M. Masters, March 1, 1898; that the will was admitted to probate in the county court of Morgan county the same month; that letters testamentary were issued to Squire D. Masters, who qualified as executor and assumed the duties of the trust until his death, which occurred March 25, 1904; that James K. Cunningham, the person named in the will to act in case of the death of Squire D. Masters, failed to qualify as his successor and that no successor in trust has ever been appointed to carry out the trust created by the will. The bill alleges appellants are the children and only heirs of Squire D. Masters, deceased, and are parties in interest according to the intention of the testator and are charged with the duty of having the terms and provisions of the will carried out. It is further alleged that William Robert Thomas Masters is now forty years of age; that for many years last past he has been addicted to the excessive use of intoxicating liquor and is an habitual drunkard and spendthrift; that he has not complied with the terms and conditions upon which he should have and enjoy the rents, issues and profits of the land; that he had become in-

debted to the defendant Millard F. Dunlap in the sum of $25,000, to secure the payment of which he and Dunlap executed an instrument in writing purporting to be a lease and contract, by which Dunlap should have possession of the land, to farm and control the same, and apply the net proceeds, after paying operating expenses and other annual expenditures specified in the instrument, to the reduction and payment of said indebtedness; that in and by the said written instrument Dunlap agreed out of the income to pay all taxes assessed against the land, premiums on life insurance policies carried by said Masters, keep the buildings on the premises insured against loss by fire or tornado, pay the divorced wife of Masters the sum of $450 annually on March 6 during her life or the continuance of the agreement, pay Masters $1000 each year during the continuance of the contract and apply the balance of the income from the land upon said indebtedness until it was fully paid, at which time the contract was to become null and void and the premises were then to be surrendered back to Masters. Said instrument was filed for record and recorded in the recorder's office of Morgan county. It was dated August 2, 1913, since which time Dunlap has been, and now is, in possession of the land. The bill alleges said instrument is and should be regarded as a mortgage or conveyance of William Robert Thomas Masters' interest in the land, in violation of the terms and provisions of the will of his grandfather; that said will creates a spendthrift trust and defines the terms and conditions upon which the grandson should enjoy the rents, issues and profits of the land; that Masters has no children or descendants of children, and that if Dunlap be permitted to remain in possession of the land under the purported lease, irreparable injury will be done to complainants as parties in interest. The bill alleges that William Robert Thomas Masters has no settled place of abode and that after diligent inquiry his whereabouts are unknown. The bill prays for the appoint-

ment of a trustee to carry out and execute the trusts created by the will; that it be determined whether said Masters has anything beyond a beneficial interest in or right to the rents and profits of the land; also whether he has not forfeited any right, title or interest to the further enjoyment of the land; whether he is entitled to notice, as provided in the sixth clause of the will, of his failure to pay taxes, keep the hedges properly trimmed and all buildings on the land in ordinary repair; whether the contract or agreement with Dunlap amounts, in equity, to a conveyance of Masters' interest, and whether, by reason of the premises set forth in the bill, complainants are entitled to the present use, enjoyment and possession of the real estate. The bill prays that the legal title be declared to be in trustees to be appointed by the court, and that the incumbrance of the beneficial interest of William Robert Thomas Masters be declared void; that Dunlap be restrained from further enjoying the rents and profits arising from the land and from exercising any rights over it by virtue of said written instrument; that he be required to account to complainants for the rents and income from the land and deliver up possession of the premises in order that the intention of the testator be carried out, and that complainants be declared to be the owners of the land according to the terms and provisions of the will of James M. Masters. By an amendment to the bill it was alleged that William Robert Thomas Masters had not paid the taxes on said land, had not kept the buildings and improvements in ordinary repair, as he was required to do by the terms of the will as conditions upon which he was to enjoy the use, rents and profits from said land.

Appellants contend that it was the intention of the testator that the title to the land should vest in the trustee, to be held by him for the use of the *cestui que trust;* that it was the intention of the testator to create a spendthrift trust for the benefit of William Robert Thomas Masters,

and that the Statute of Uses does not apply. The argument in support of the contention that the trust was a spendthrift trust is based upon the provision of clause 6 of the will, that the land shall not be conveyed, mortgaged or incumbered by the *cestui que trust.* The provision, alone, is not sufficient to make or create a spendthrift trust. The possession, use, management, control and income from the land are given to the beneficiary, and he can do as he pleases with the possession and income from the land. Spendthrift trusts are created for the purpose of providing a fund for the benefit of another and at the same time securing it against his own improvidence or incapacity for self-protection. (*Steib* v. *Whitehead,* 111 Ill. 247; *Wallace* v. *Foxwell,* 250 id. 616.) No such purpose is evidenced by the terms and provisions of the will of James M. Masters. No protection is provided against the improvidence of the *cestui que trust* and no protection is given him in the use and enjoyment of the rents and profits of the land against creditors. According to the allegations of the bill, William Robert Thomas Masters was twenty or more years of age at the time of the death of his grandfather, and under the terms and provisions of the will he was entitled to the immediate possession and control of the land. We know of no case in this State where a trust in real estate of any kind has been sustained where no active duties were imposed upon the trustee. In all cases where no active duties are imposed upon the trustee, who is directed by the will to hold the estate in trust for the life tenant and remainder-men, the trust is a dry or passive one, which the Statute of Uses executes, and the *cestui que trust* becomes seized of the legal estate. (*Drake* v. *Steele,* 242 Ill. 301; *Smith* v. *Smith,* 254 id. 488.) The fact that clause 6 provides the trustee may give notice of a forfeiture imposes no duty upon him, and in case of a forfeiture the title passes to the remainder-men without any act or duty to be performed by the trustee.

The bill seeks to declare a forfeiture of the estate of William Robert Thomas Masters, and complainants contend that as remainder-men they have succeeded to the title to the property. It is a debatable question, at least, whether the restraint upon alienation in the sixth clause of the will was made a condition of forfeiture, and whether, if it was, the written contract or instrument with Dunlap was a violation of that provision, and we do not decide either of those questions. That clause made it the duty of the *cestui que trust* to pay the taxes, keep the hedges properly trimmed and all buildings in repair, and in case of a failure to do so, after one year's notice in writing to the *cestui que trust* by the executor, trustee or any party in interest and a failure to perform within said year, the estate of the *cestui que trust* was to be forfeited and pass to Squire D. Masters, if living, and if he was dead, to his children or heirs. The bill does not allege that any notice had been given by anyone to the *cestui que trust* under these provisions of the will. There could be no forfeiture without the happening of the contingency or events upon which the will provided for a forfeiture and notice given in strict compliance with the terms and provisions required for declaring a forfeiture. (*Henderson* v. *Harness,* 176 Ill. 302.) If the *cestui que trust* has violated the conditions upon which he was given the land, so as to authorize a forfeiture upon notice, as provided by the will, the appointment of a trustee by the court was not necessary or required for the purpose of having a forfeiture declared, for the will expressly provided that such notice might be given by any party in interest, and appellants are parties in interest as remainder-men.

The decree of the circuit court is affirmed.

*Decree affirmed.*