### In re Estate of Elizabeth Foran, Deceased. Katherine A. Ryan, Petitioner, Appellee, v. Delia A. Carey, Executrix, Appellant.

1.  TRUSTS—*when cestui que trust may convey estate without intervention of trustee.* Where a quitclaim deed was made to one as trustee for the sole benefit of the grantor who remained in possession, such trustee having no duties to perform, the grantor had

lawful seizin, estate and possession and consequently could convey the estate by deed without the intervention of the trustee.

2. DEEDS—*presumption of delivery.* The fact that a deed bears on its face the words "signed, sealed and delivered" and contains the ordinary notary's certificate that it was signed, sealed and delivered, coupled with possession of the deed by the grantee, raises a presumption of the delivery of the deed which can be overcome only by clear and convincing evidence to the contrary.

3. DEEDS—*sufficiency of evidence to show soundness of mind of grantor.* Evidence *held* sufficient to show that testatrix, who was aged and uneducated, was of sound mind when, about 6 years prior to her death, she executed a quitclaim deed to certain property.

4. EXECUTORS AND ADMINISTRATORS—*when probate court has jurisdiction of claim against estate.* Upon a petition in the probate court setting up that a testatrix had made a quitclaim deed to certain property, reserving a life estate in herself, which deed was not recorded during the lifetime of testatrix, and that the sum of money received by the executrix on the sale of such property to a purchaser in good faith belonged to petitioner, *held* that the probate court under its equitable powers has, in relation to the settlement and allowance of claims against estates, had jurisdiction to entertain and adjudicate upon such petition.

Appeal from the Circuit Court of Vermilion county; the Hon. WALTER BREWER, Judge, presiding. Heard in this court at the April term, 1921. Affirmed. Opinion filed October 25, 1921. *Certiorari* denied by Supreme Court (making opinion final).

WALTER J. GRANT and ELMER O. FURROW, for appellant.

LINDLEY, PENWELL & LINDLEY, for appellee; WALTER C. LINDLEY, of counsel.

MR. JUSTICE HEARD delivered the opinion of the court.

Elizabeth Foran died testate in October, 1916, and by her last will and testament gave all her property to her executrix, Delia A. Carey, with directions to convert the same into cash.

At the time of her death, decedent resided upon a residence property in Danville, Illinois. Shortly prior

to her death she had contracted to sell this property to one Charles Quast for $1,600, but died without making a deed. After her death her executrix conveyed the property to Quast and received from him $1,600, the purchase price.

January 7, 1918, Katherine A. Ryan, the appellee, filed in the probate court her petition setting up that on December 22, 1910, deceased, then being the owner of the lot in question, made, executed and delivered to petitioner a quitclaim deed for said property in which deed a life estate was expressly reserved for the grantor; that this deed was not recorded during the lifetime of the grantor because of the reservation of the life estate; that the sale of the lot was made by the executrix to Quast without her knowledge; that deceased had no title to said property other than said life estate after the execution of said deed but that the property was solely that of petitioner; that Quast was a purchaser in good faith and without knowledge, but that the sum of money paid by him to the executrix rightfully belonged solely to the petitioner and that the same should be ordered paid to her.

The probate court entered such an order from which an appeal was taken to the circuit court where a trial was had resulting in a judgment in favor of appellee against the administratrix for $1,600, to be paid in due course of administration, from which judgment this appeal was taken.

There is evidence that on November 25, 1904, Mrs. Foran made a quitclaim deed of the property to Father Duffy, a Catholic Priest of Danville, in which no life estate was reserved. The evidence shows that this deed was made to Duffy as trustee for the sole benefit of Mrs. Foran. Duffy never went into possession of the property or performed any duties with reference to it, but Mrs. Foran remained in possession of it until her death. Some question is made as to whether the deed to Father Duffy was ever delivered,

but if it was delivered he was a mere naked trustee with no duties to perform while the *cestui que trust,* Mrs. Foran, by virtue of section 3, ch. 30, Rev. St. Ill. (Cahill's Ill. St. ch. 30, ¶ 3), had lawful seizin, estate and possession and could consequently convey the estate by deed without the intervention of the trustee. *Witham v. Brooner,* 63 Ill. 344; *Drake v. Steele,* 242 Ill. 301; *Smith v. Smith,* 254 Ill. 488; *Newcomb v. Masters,* 287 Ill. 26.

It is claimed by appellant that the evidence fails to show a delivery of the deed to appellee. The deed bears on its face these words "signed, sealed and delivered in presence of J. B. Mann, O. D. Mann" and contains the ordinary notary's certificate that it was signed, sealed and delivered. The authorities are abundant that this attestation claim coupled with possession of the deed by the grantee raises a presumption of the delivery of the deed which can only be overcome by clear and convincing evidence to the contrary. *Sellers v. Rike,* 292 Ill. 468; *Patterson v. Mc-Clenathan,* 296 Ill. 475; *Waters v. Lawler,* 297 Ill. 63.

It is claimed by appellant that Mrs. Foran, who was a woman of 70 years of age, was taken advantage of by appellee through the guise of friendship by a much younger woman. There is no evidence in the record to substantiate this claim. While Mrs. Foran was aged and uneducated, there is no evidence to show that she was mentally deficient or that the deed was procured through undue influence. Two years after making the deed to appellant a petition was filed in the probate court asking for the appointment of a conservator for Mrs. Foran. The probate judge after hearing the evidence directed a verdict in her favor. M. F. Keegan, a reputable attorney, who drew her will in 1915, testified that at that time she was of sound mind and memory. Two other reputable attorneys, J. B. Mann and O. D. Mann, who witnessed the deed and talked with her at the time, gave it as their opinion

that at that time she was of sound mind and knew what she was doing.

Some question is raised as to the method of procedure followed in this case. If appellee's claim under the deed in question was correct (as we believe it to be), then the appellee was equitably entitled to the money received by the executrix as the proceeds of sale of the property, and the probate court under its equitable powers in relation to the settlement and allowance of claims against estates had jurisdiction to entertain and adjudicate upon the petition in this case. *Trego v. Cunningham's Estate*, 267 Ill. 367.

The judgment of the circuit court is affirmed.

*Affirmed.*