**In re Carol L. SUNDEEN, Debtor.**

**Bankruptcy No. 86–80502.**

United States Bankruptcy Court,
C.D. Illinois.

July 21, 1986.

Duane Thompson, East Moline, Ill., for debtor.

James E. Whitmire, Jr., Silvis, Ill., trustee.

## MEMORANDUM OPINION

WILLIAM V. ALTENBERGER, Bankruptcy Judge.

This matter comes before the court on the objection of James E. Whitmire, Jr., the Trustee, to the claimed exemption of Carol L. Sundeen, the Debtor, in an ERISA qualified pension plan.

On February 25, 1986, the Debtor filed a voluntary petition under the provisions of Chapter 7 of the Bankruptcy Code. In her petition the Debtor claimed as exempt her interest in a KEOGH Plan in the amount of $22,000.00. This exemption is claimed under Section 12–1001(g)(5) of the Illinois Code of Civil Procedure (Ill.Rev.Stat.1985, ch. 110, par. 12–1001(g)(5)). The Trustee objected to the claimed exemption and a hearing was held on May 27, 1986.

The first issue to be determined is whether the Debtor's interest in the ERISA qualified pension plan is excluded from property of the estate under Section 541(c)(2) of the Bankruptcy Code. Section 541(a) provides that the bankruptcy estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. Section 541(a). An exception to this broad rule of inclusion is contained in Section 541(c)(2), which provides:

"A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title."

In order to qualify for tax-exempt status, the Employee Retirement Income Security Act of 1974 (ERISA) requires that employee benefit plans, such as the one in the present case, contain a provision that benefits provided for under the plan may not be assigned or alienated. (26 U.S.C. Section 401(a)(13); 29 U.S.C. Section 1056(d)(1). The interpretation of Section 541(c)(2) of the Bankruptcy Code and its application to qualified employee benefit plans has generated considerable litigation and divergent results have been reached by the courts.

Giving the words "applicable nonbankruptcy law" their plain meaning, a small number of courts have held that they include other nonbankruptcy federal law such as ERISA, and that all ERISA qualified pension plans are therefore excluded from becoming property of the bankruptcy estate. *Warren v. G.M. Scott & Sons*, 34

B.R. 543; *In re Threewit,* 24 B.R. 927 (D.C. D.Kan.1982). A greater number of courts have rejected this approach, relying upon the legislative history of Section 541(c)(2), which indicates that Congress intended to exclude only traditional spendthrift trusts created under state law. *In re Daniel,* 771 F.2d 1352 (9th Cir.1985); *In re Lichstrahl,* 750 F.2d 1488 (11th Cir.1985); *In re Goff,* 706 F.2d 574 (5th Cir.1983); *In re Crenshaw,* 51 B.R. 554 (D.C. N.D.Ala.1985); *Matter of Jones,* 43 B.R. 1002 (D.C.N.D. Ind.1984); *In re Matteson,* 58 B.R. 909 (Bkrtcy.D.Colo.1986); *In re Kwaak,* 42 B.R. 599 (Bkrtcy.D.Maine 1984). Under this line of cases, the amount of control the debtor has over the pension fund is determinative of whether it qualifies as a spendthrift trust.

Other courts have taken yet a third view, concluding that all qualified pension plans are a part of the bankruptcy estate. *In re Graham,* 726 F.2d 1268 (8th Cir.1984); *In re Flygstad,* 56 B.R. 884 (Bkrtcy.N.D.Ia. 1986); *In re DeWeese,* 47 B.R. 251 (Bkrtcy. W.D.N.Car.1985); *Matter of Kelley,* 31 B.R. 786 (Bkrtcy.N.D.Ohio 1983). Focusing upon the specific exemption provided for pension benefits by the Bankruptcy Code, the court in *Graham* stated:

"We thus see a coherent scheme regarding a debtor's pension rights under the Code consistent with the Code's general policy. The question of pension rights is dealt with as a matter of exemption. A debtor's interest in pension funds first comes into the bankruptcy estate. To the extent they are needed for a fresh start they may then be exempted out." 726 F.2d 1268, 1272–73.

The court also based its conclusion upon the expanded definition of property in the new Code and the legislative history of Section 541(c)(2). Under this approach, the particular provisions of the plan need not be examined. *Flygstad, supra.*

■ This Court rejects the interpretation of those courts which, in holding that all pension plans are excluded from the bankruptcy estate, have ignored the explicit Congressional intent that the exclusion of Section 541(c)(2) apply only to traditional spendthrift trusts. Because this Court is of the opinion that the pension plan at issue would not qualify as a true spendthrift trust under Illinois law, it need not decide today whether all ERISA qualified pension plans become a part of the bankruptcy estate.

Discussing the nature of spendthrift trusts, the Supreme Court of Illinois stated:

"Spendthrift trusts are created for the purpose of providing a fund for the benefit of another and at the same time securing it against his own improvidence or incapacity for self-protection." *Newcomb v. Masters,* 287 Ill. 26, 32, 122 N.E. 85 (1919).

One of the primary goals of ERISA was to ensure that retirement benefits would actually be available at retirement to provide income to retired employees and their dependents. H.R.Rep. No. 807, 93rd Cong., 2d Sess., reprinted in 1974 U.S.Code Cong. & Ad.News, 4639, 4676.

The plan in the present case provides for the payment of benefits to the debtor upon termination of employment. Hence, if the debtor's interest in the pension plan is determined not to be a part of the bankruptcy estate, the debtor could presently quit her job and receive the sum of $22,000.00 at her immediate disposal, free and clear of all claims or other interests. In *In re Werner,* 31 B.R. 418 (Bkrtcy.D.Minn.1983), the court determined that a similar provision contained in the debtor's retirement plan caused it to fall outside the exclusion of Section 541(c)(2). The court concluded that the trust wholly lacked the safeguards found in a "true" spendthrift trust. This Court concurs in that reasoning and holds that the debtor's interest in the pension plan is part of the bankruptcy estate.

■ The second issue is whether the debtor's interest in the pension plan is exempt under Section 12–1001(g)(5) of the Illinois Code of Civil Procedure. That section exempts a debtor's right to receive a payment under a pension plan "to the extent necessary for the support of the debtor and any dependent of the debtor." The

burden of proof on the issue of necessity rests upon the debtor. *In re Everette*, No. 282–00654 (Dec. 1, 1983).[1] Here, absolutely no evidence was introduced by the debtor concerning her future need for the funds. Based upon the debtor's failure to establish that the funds in the pension plan are necessary for her support, this Court concludes that such funds are not exempt.

Accordingly, this Court finds that the interest of the debtor, Carol L. Sundeen, in the pension plan is property of the debtor's estate and that the Trustee's objection to the debtor's claim of exemption is hereby allowed.

This Memorandum Opinion shall constitute Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

---

1. Memorandum Opinion issued by Judge Lessen, Chief Bankruptcy Judge for the Central District of Illinois.