**In re Roland M. VOGEL, Individually and formerly d/b/a Martix, Debtor.**

**Bankruptcy No. 87 B 1063.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

Sept. 16, 1987.

Norman B. Newman, Antonow & Fink, Chicago, Ill., for trustee.

Carolyn E. Winter, Mandel, Lipton & Stevenson, Ltd., Chicago, Ill., for debtor.

## MEMORANDUM AND OPINION

ROBERT E. GINSBERG, Bankruptcy Judge.

This matter comes before the Court on the Trustee's objection to Roland M. Vogel's (the "Debtor's") exemption claims. This is a core proceeding under 28 U.S.C.

§ 157(b)(2)(B) as a matter relating to exemptions and 28 U.S.C. § 157(b)(2)(A) and (O) as a matter involving the determination of property of the estate.

The facts are fairly simple. The Debtor filed a voluntary case for relief under Chapter 7 of the Bankruptcy Code on January 23, 1987. On February 9, 1987 the Debtor filed his exemption claims. On March 24, 1987, Norman B. Newman, the Chapter 7 trustee (the "Trustee"), filed objections to three of the Debtor's claimed exemptions. First, the Trustee objected to the Debtor's claim of exemption of two life insurance policies owned by the Debtor [1] on the grounds that the Debtor has failed to show that the beneficiaries of the policies in question are his wife, his children, his parents, or some other dependent of the insured as required by section 12–1001(f) of the Illinois Code of Civil Procedure (the "Illinois Code") Ill.Rev.Stat. ch. 110, para. 12–1001(f). Second, the Trustee objects to the exemptions the Debtor claims in his Individual Retirement Account ("IRA") & Keough accounts on the grounds that such accounts are property of the estate under 11 U.S.C. § 541, and that the Debtor has failed to show that the proceeds of such accounts are pensions needed for the support of the Debtor or the Debtor's dependants as required by section 12–1001(g)(5) of the Illinois Code. Ill.Rev.Stat. ch. 110, para. 12–1001(g)(5). Finally, the Trustee objects to the Debtor's claimed exemption in his vested interest in the pension plan funded and maintained by his former employer, G.D. Searle, on the grounds that the Debtor's Searle pension rights are not required by the Debtor or the Debtor's family for support. The matter is now before the court in effect on cross motions by the Debtor and Trustee for summary judgment.

▆ As to the first objection, it should be noted that pursuant to Section 12–1001(f) of the Illinois Code, life insurance proceeds payable to, *inter alia*, a debtor's spouse, parent, child or other dependant are exempt from claims of the creditors of the insured under Illinois law and thus may be claimed as exempt by an insured debtor involved in a bankruptcy case. *See* 11 U.S.C. § 522(b).[2] Ill.Rev. ch. 110, para. 12–1001(g)(5). The Debtor has supplied the Court with a copy of the Metropolitan Policy. Unless there is some reason to doubt the authenticity of the copy, that policy clearly names his wife as beneficiary and thus is clearly exempt.

▆ No proof has been offered by the Debtor, however, as to the Prudential Policy. Therefore the allegations in the Trustee's objections as to this policy remain uncontroverted and issues of material facts exist as to that policy. The Trustee is certainly entitled to a hearing on his objection as to the Prudential Policy. At such hearing, the burden would lie with the Trustee to show that the Prudential Policy is not payable to the Debtor's wife, parent or child of other dependents. Bankruptcy Rule 4003(c). If the scheduled value of the policy, $153.67, is correct the Court suspects the Trustee will not pursue the effort and will abandon the policy unless there are other assets in this estate worth administering.

▆ The Trustee next objects to the Debtor's exemption of his IRA and Keough plans based upon the Debtor's failure to show that the proceeds of such accounts are pensions needed for the support of the Debtor or his dependents pursuant to section 12–1001(g)(5) of the Illinois Code. However, the Debtor does not base his exemption claims as to these accounts on section 12–1001(g)(5) of the Illinois Code, i.e. the pension exemption. Instead, the Debtor claims that because the only assets in both the IRA and Keough accounts are

---

**1.** The Debtor claims exemptions of two life insurance policies issued by two different insurance companies. One policy was issued by Metropolitan Life Insurance Company (the "Metropolitan Policy") and the second policy was issued by Prudential Life Insurance Company (the "Prudential Policy").

**2.** Because Illinois exercised its right under 11 U.S.C. § 522(b)(1) to limit Illinois debtors to the use of exemptions as provided under state law only, Ill.Rev.Stat. ch. 110, para. 12–1201, the Debtor could only exempt property from the estate as provided in the Illinois Code.

insurance policies payable to his wife and children he can claim such policies as exempt under section 12–1001(f) of the Illinois Code, i.e. the life insurance exemption.

It appears to the Court that the Debtor's claim is well founded. It is clear that the insurance policies are "personal property, owned by the debtor", a prerequisite to exemption under section 12–1001 of the Illinois Code. Neither the IRA nor the Keough plan is a separate entity. The property in both accounts remains the Debtor's property. Indeed, it is the Debtor's ownership of the assets in those accounts on which the Trustee's claim to them is based. *See* 11 U.S.C. § 541(a). Since the insurance policies in the IRA and Keough were the Debtor's property as of the date of the petition, there appears to be no reason the Debtor cannot claim an available exemption in them. There is no indication that the policies were purchased or placed in the IRA or Keough Plan in fraud of creditors. They were placed there for legitimate tax reasons. The policies in the IRA and Keough plan are therefore exempt insurance policies.

As to the Trustee's third objection, with respect to the Debtor's interest in the G.D. Searle Pension fund (the "Pension Fund"), the analysis is completely different. The debate does not center on whether the property fits within the Illinois pension exemption. Instead, it is the Debtor's position that exemption arguments are irrelevant because his interest in the Pension Fund never became property of the estate.[3] As the Debtor sees it, his interest in the pension plan qualifies as a spendthrift trust because it was set up by his former employer, administered by his former employer, funded by his former employer, and under the plan he cannot get at the money he is entitled to without the consent of his wife. The Debtor claims that since the pension plan was not funded with his assets, since it is controlled by trustees clearly beyond his control, and since he cannot alienate his interest in it, it qualifies as a spendthrift trust under Illinois law.[4] Therefore, under 11 U.S.C. § 541(c)(2), the interest is not property of his bankruptcy estate.

Section 541(a)(1) provides that all property in which a debtor has a "legal or equitable interest" at the time of bankruptcy goes into the estate. Section 541(c)(2) goes on to add, however, that "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." The legislative history, and subsequent case law construing the section, lead to the conclusion that this provision was intended to apply to spendthrift trusts which would be enforceable under state law. *See* H.R.Rep. No. 595, 95th Cong., 2d Sess. 369; *In re Daniel,* 771 F.2d 1352, 1359 (9th Cir.1985). *In re Lichstrahl,* 750 F.2d 1488, 1490 (11th Cir.1985). *In re Goff,* 706 F.2d at 577; *In re Di Piazza* 29 B.R. 916, 918 (Bankr.N.D. Ill.1983). The Debtor claims that the anti-alienation provision contained in the Searle Pension Fund agreement makes the Pension Fund a spendthrift trust under Illinois law.

■ This anti-alienation provision purports to prevent a transfer, *inter alia,* in the event of bankruptcy. Such a prohibition is ineffective under 11 U.S.C. § 541(c)(1). The anti-alienation prohibition is an Employee Retirement Income Securi-

---

3. The Debtor does, however, also assert an exemption in his Searle pension rights under section 12–1001(g) of the Illinois Code, in the event that his first argument fails and the pension is determined to be property of the estate.

4. A spendthrift trust is a trust created in order to provide a fund for the maintenance of a beneficiary which includes provisions to prevent the beneficiary's creditors from reaching the fund and to prevent the fund from being exhausted by the beneficiary's own improvidence. *In re Goff,* 706 F.2d 574, 580 (5th Cir.

1983); *Newcomb v. Masters,* 287 Ill. 26, 32, 122 N.E. 85, 87 (1919). *Department of Mental Health and Developmental Disabilities v. The First National Bank Chicago,* 104 Ill.App.3d 461, 464, 60 Ill.Dec. 187, 188, 432 N.E.2d 1086, 1087 (1982); It is a generally accepted rule that a person cannot create a spendthrift trust naming himself or herself as the beneficiary as that would defraud creditors. *See* Bogart, *Trusts and Trustees* § 223 and cases cited (2d ed. 1979).

ty Act, ("ERISA"), requirement.[5] This Court agrees with the overwhelming majority of courts in holding that nothing in ERISA creates an independent non-bankruptcy federal exemption for this type of pension plan interest. *In re Lichstrahl,* 750 F.2d at 1490. *In re Grahm,* 726 F.2d 1268, 1271 (8th Cir.1984); *In re Goff,* 706 F.2d at 576–77. The key to whether an interest in a pension plan becomes property of the estate or is excluded as a spendthrift trust ultimately lies in determining the degree of control the debtor has over his or her interest in the plan, i.e., his power to get at the cash. If the debtor can get at the money, so can the trustee, subject to any exemption the debtor might be able to assert in the proceeds. *In re Crenshaw,* 51 B.R. 554, 556 (N.D.Ala.1985) (construing Illinois Law). *In re Di Piazza,* 29 B.R. at 920. However, here the Debtor cannot get at the money in the pension plan without his wife's consent. The question is whether that requirement is in and of itself sufficient to qualify his interest in the plan as a spendthrift trust. The Court is not aware of any case which has resolved this precise question.

The cases cited by the parties are not very helpful in resolving the issue before this Court. This is not a case where the Debtor could quit his job to get at his money in the plan. *Compare In re Sundeen,* 62 B.R. 619, 621 (Bankr.C.D.Ill.1986); *In re Werner,* 31 B.R. 418, 421 (Bankr.D. Minn.1983). The Debtor apparently stopped working for G.D. Searle some time back and there does not appear to be anything else the Debtor could do, including divorce, to be able to get all his pension interest without first obtaining his present wife's consent. Nor is this a situation where the Debtor's right to get at his money is subject to obtaining the permission to do so from independent plan administrators.[6] *Compare In re Crenshaw,* 51 B.R.

at 559. Apparently, the Debtor can withdraw his interest from the plan at any time, without the consent of the plan administrators. But, that withdrawal is contingent on the Debtor satisfying certain conditions. One such condition is that the Debtor must obtain his wife's permission to withdraw funds from the plan.

Thus, the *ultimate* question remains whether the fact that the Debtor cannot withdraw any of the funds representing his interest in the Pension Fund without his wife's consent makes this a spendthrift trust under Illinois Law. The Court is convinced it does. In this day and age, there is no reason the Court can think of, nor has the Trustee cited any authority, suggesting why a third party cannot set up a spendthrift trust for a beneficiary, using the third party's assets, which names the beneficiary's spouse as trustee. This is, in effect, what G.D. Searle has done. The Debtor's wife is not a debtor. Accordingly, her husband's Trustee cannot compel her to give her consent. By the same token, because her consent is required, the Debtor does not have access to the Pension Fund proceeds. In this regard the trustee succeeds only to such interest as the debtor has in the property. *Angeles Real Estate Co. v. Kexton,* 737 F.2d 416, 418 (4th Cir. 1984); *In re Joliet-Will County Community Action Agency,* 58 B.R. 973, 975 (N.D. Ill.1986). The Debtor cannot get at the Pension Fund without his wife's consent. The Trustee cannot get at that fund without her consent, either. That consent is not forthcoming. The Pension Fund interest is a spendthrift trust, excluded under 11 U.S.C. § 541(c)(2) from property of the estate. Unless the Trustee wishes a hearing on the Prudential Policy, the Trustee's objections are denied in toto.

**5.** Both the ERISA statute, 29 U.S.C. § 1056(d), and the Internal Revenue Code, 26 U.S.C. § 401(a)(13), require a retirement plan to contain an anti-alienation cause in order to maintain a qualified status for insurance of availability of benefits and tax purposes, respectively.

**6.** When a debtor can freely reach the proceeds of a pension plan, the plan cannot be a spend-

thrift trust because it contradicts the very purpose underlying the concept of a spendthrift trust, which seeks to prohibit the voluntary depletion of the trust assets by the debtor-beneficiary. *In re Di Piazza,* 29 B.R. at 922. *See also* Restatement (Second) of Trusts § 153 (2d ed. 1959).